Dear Mr. Moseley:
You have requested an opinion of this office on the following questions:
 1) Can the County of Boone buy real estate for the purpose of constructing a building to house county officeholders?
 2) Can the County of Boone lease the above purchased property to a private individual or corporation during the interim between the purchase and construction [sic] of the building?
We understand that the building contemplated would be in addition to both the Boone County Courthouse and the Daniel Boone (County-City) Building.
Section 49.510, RSMo 1978,[1] states:
 It shall be the duty of the county to provide offices or space where the officers of the county may properly carry on and perform the duties and functions of their respective offices. Said county shall maintain, furnish and equip said offices and provide them with the necessary stationery, supplies, equipment, appliances and furniture, all to be taken care of and paid out of the county treasury of said county at the time and in the manner that the county court may direct.
Section 49.270 states:
 The said court shall have control and management of the property, real and personal, belonging to the county, and shall have power and authority to purchase, lease or receive by donation any property, real or personal, for the use and benefit of the county; to sell and cause to be conveyed any real estate, goods or chattels belonging to the county, appropriating the proceeds of such sale to the use of the same, and to audit and settle all demands against the county.
Section 49.470 states:
 The county court of each county shall have power, from time to time, to alter, repair or build any county buildings, which have been or may hereafter be erected, as circumstances may require, and the funds of the county may admit; and they shall, moreover, take such measures as shall be necessary to preserve all buildings and property of their county from waste or damage.
Section 49.370 states:
 The county court shall designate the place whereon to erect any county building, on any land belonging to such county, at the established seat of justice thereof.
In Opinion No. 237, Parker, 1968, we interpreted Sections49.510 and 49.270, RSMo 1959, as granting Boone County the "authority to purchase or construct a building to be used by the county for administrative offices . . . ." Id., at 3. Included in this is the authority "to purchase . . . any property, real or personal, for the use and benefit of the county; . . ." Section49.270. Therefore, Boone County, and more specifically the Boone County Court, has the authority to purchase a building to house county officeholders. We note that Boone County may not violate the constitutional debt limitations, Article VI, Sections 26(a)-(f), Missouri Constitution, when purchasing this land. We also note that there may be applicable bidding or other procedures, which we will discuss with you upon your request.
In response to your second question, we note that with exceptions not relevant here, Article VI, Sections 23 and 25, Missouri Constitution, prohibit counties from granting public property and things of value to corporations and individuals. Therefore, we assume for purposes of this opinion that the lease you have in mind is one for the fair market value of the property, so that there is no grant of public property to the lessee.
We find no specific statute authorizing a second class county to lease its property. Cf. Section 49.287 (applicable to first class, noncharter counties). However, Section 49.270 grants county courts the authority to control and manage county property. In Opinion No. 92, Volkmer, 1961, we interpreted the "control and management" language of Section 49.270, RSMo 1959, as impliedly granting county courts the authority to lease property[2] to private entities for short periods of time. The lease may not interfere with the public use of the property. See, Opinion Letter No. 5, Wessel, 1970. Therefore, Boone County may lease the property here under consideration to a private individual or corporation on a short-term basis for its fair market value, so long as the lease does not interfere with the public use of the property.
CONCLUSIONS
1. The Boone County Court may purchase land which will serve as the site of a building to house county officeholders.
2. The Boone County Court may temporarily lease such property to a private individual or corporation for its fair market value, if such lease will not interfere with the public use of this property.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references are to RSMo 1978, unless otherwise indicated.
[2] In Opinion No. 20, Curry, 1951, this office concluded that county courts do not have authority to lease space in the countycourthouse to private entities.
We have indicated that an abstract company may be "charged" for the use of space, equipment, and the recorder of deeds' services in exercising its right to inspect and duplicate county records pursuant to Sections 109.180 and 109.190, RSMo. Opinion No. 55, Casey, 1978.
We have also indicated that a third class county may lease or provide courthouse space to certain quasi-governmental entities. Opinion No. 1, Pickett, 1979.